# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Ezra Hill, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4699 |
| | ) | |
| v. | ) | District Judge Charles P. Kocoras |
| | ) | |
| City of Harvey, et al. | ) | Magistrate Judge Jeffrey Cummings |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Motion hearing held on plaintiff's motion to compel discovery from defendant Murillo [121]. For the reasons stated below, and on the record in open court, plaintiff's motion to compel is granted. Defendant Murillo shall provide amended responses to plaintiff's First Set of Interrogatories by 12/10/19. Defendant Thomas shall respond to outstanding discovery requests by 11/26/19. Status hearing set for 12/19/19 at 10:00 a.m.

## BACKGROUND STATEMENT

Plaintiff Ezra Hill has sued the City of Harvey, two Harvey police officers, Cook County, and Cook County Assistant State's Attorneys Thomas Reardon and Ed Murillo pursuant to 42 U.S.C. § 1983 for malicious prosecution and false arrest. Hill's claims arise out of his arrest and prosecution for an attempted murder that took place on March 12, 2014. A jury found Hill not guilty on March 8, 2017. This action followed.

Discovery in this matter is ongoing. On April 5, 2019, Cook County produced a "Fact Sheet" documenting the events leading to the approval of a warrant for Hill's arrest. (Dkt. 121 at Ex. A.) The Fact Sheet revealed that on March 20, 2014, Assistant State's Attorney Murillo (1) obtained a McDonald's surveillance video; and (2) described the video as showing Hill ordering

1

food at McDonald's moments after the shooting. (*Id.* at 11.) It is undisputed that Murillo approved the arrest warrant for Hill on March 20, 2014 and that he subsequently approved felony charges against Hill on September 3, 2014.

Plaintiff took Murillo's deposition on September 30, 2019 and questioned him about the McDonald's video. Despite having reviewed the video in advance of the deposition, Murillo denied plaintiff's counsel's repeated requests to identify Hill in the video at the deposition. According to Murillo, he could not identify Hill without also reviewing all of the reports and information he would have reviewed back in 2014 before approving the charges against Hill.

Two days after the deposition, plaintiff served Murillo with three interrogatories asking that Murillo identify where in the video he contends that Hill is shown and to identify each document he relied on to assist in his identification. Murillo responded to each interrogatory with the following response:

> Defendant objects to Interrogatory no. [1-3] because it is harassing in that it was previously asked at Defendant's deposition on September 30, 2019. Without waiving said objection, Defendant states that he has nothing to add to his deposition testimony at this time. See transcript of Deposition of Ed Murillo, September 30, 2019.

(Dkt. 121 at Ex. E.) Plaintiff subsequently filed the instant motion to compel, seeking an order compelling Murillo to provide adequate, non-evasive answers to the interrogatories. For the reasons that follow, plaintiff's motion is granted.

## ANALYSIS

First, although the Court does not view Murillo's responses as intentionally evasive, his attempt to respond by referring plaintiff back to his deposition testimony is insufficient to fulfil his responsibility under Federal Rule of Civil Procedure 33. Under Rule 33, answers to interrogatories must be "complete, explicit and responsive." *Brock v. Hooker Chem. & Plastics Corp.*, No. 83 C 8383, 1985 WL 2120, at *1 (N.D. Ill. July 24, 1985)*, quoting Milner v. National*

2

*School of Health Technology*, 73 F.R.D. 628, 632-33 (E.D. Pa. 1977); *Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) ("Under Rule 33 of the Federal Rules of Civil Procedure, a party must give full and complete answers to interrogatories served on him by another party.") It is well-settled that "[i]ncorporation by reference to a deposition is not a responsive answer." *Hoffman v. United Telecommunications, Inc.*, 117 F.R.D. 436, 440 (D. Kan. 1987); *Brock,* 1985 WL 2120, at *1; *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 640 (D. Kan. 1999) ("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition"); *Dana Corp. v. Am. Standard*, No. 3:92-CV-581RM, 1994 WL 228537, at *1 (N.D. Ind. Apr. 15, 1994) (explaining that answers to interrogatories "should not refer to the pleadings, or to depositions…or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.") (internal quotation marks omitted) (citing cases). In sum: Murillo's attempt to respond with a generic reference to his deposition transcript falls short.

Second, even if Murillo could properly levy an "asked and answered" objection to these interrogatories, *see e.g. Starlight,* 186 F.R.D. at 640 (contemplating such an objection may be appropriate under some circumstances if the information sought is duplicative), a review of the relevant portions of the transcript reveals that Murillo *did not* answer these questions at his deposition. Instead, as explained above, Murillo responded that he could not identify Hill in the video without first reviewing the reports and information he would have reviewed in 2014 before approving the charges. It is well-settled that Murillo "cannot answer [an] interrogatory simply by referring [plaintiff[ to an equally unresponsive answer." *Kleppinger v. Texas Department of Transportation,* No. 5:10-CV-124, 2013 WL 12138545, at *4 (S.D. Tex. Jan. 3, 2013) (internal quotation marks omitted) (citing cases).

3

Consequently, plaintiff's motion to compel is granted. Murillo is directed to review the underlying case file that remains in Cook County's possession to determine whether he can identify Hill in the McDonald's video and, if so, which documents he relied on to make that identification. If Murillo is unable to identify Hill in the video even after his review of the file, he must state this in his sworn interrogatory answers. These are his only options.

**Dated: November 20, 2019**

_____
**Magistrate Judge Jeffrey Cummings**