IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZRA HILL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HARVEY, COOK COUNTY, ILLINOIS, GREGORY THOMAS, DEPUTY POLICE CHIEF JASON BANKS, LIAM REARDON, and ED MURILLO, <br><br> Defendants. | Court No.: 17-cv-4699 <br><br> Honorable Charles P. Kocoras |

**CITY OF HARVEY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, CITY OF HARVEY, GREGORY THOMAS, and JASON BANKS, through their attorney, ShawnTe Raines with the law firm of ANCEL GLINK, P.C., move this Court pursuant to Federal Rule of Civil Procedure 56 to grant summary judgment in their favor. In support of this motion, defendants state as follows:

**I.    INTRODUCTION AND BACKGROUND OF CASE**

1.    This is a civil rights suit alleging malicious prosecution, violation of due process, and conspiracy under federal and state law.

2.    The case arises from a shooting involving three victims (Eric Bond, Alquan McReynolds, and Ahmad Thornton) and three offenders (Andrew "Chicky" White, Antonio "Shady" Johnson and Ezra Hill) on the morning of March 12, 2014.

3.    After obtaining statements from each of the victims, processing the crime scene, obtaining a confession from one of the co-conspirators, and video evidence, the Defendants

1

obtained a warrant for Plaintiff's arrest. Following a grand jury indictment, Plaintiff was arrested and charged with attempted murder for his involvement in the shooting incident.

4. Plaintiff filed this lawsuit against the City of Harvey, Gregory Thomas, in his individual and official capacities, Jason Banks, in his individual and official capacities, Cook County, Illinois, Liam Reardon, in his individual and official capacities, and Ed Murillo, in his individual and official capacities.

5. Plaintiff's Complaint contains seven counts:

    a. Section 1983 Federal Malicious Prosecution and Due Process;

    b. Section 1983 Conspiracy to Deprive Hill of His Constitutional Rights;

    c. Section 1983 *Monell* Claim;

    d. Respondeat Superior;

    e. Indemnification;

    f. Civil Conspiracy; and

    g. Malicious Prosecution

6. Plaintiff filed this action claiming that he was arrested and prosecuted without physical evidence. (Doc. No. 151-1, Amended Complaint ¶3, 39).

7. Plaintiff claims that he was indicted based on a coerced confession and fabricated unreliable eye witness accounts and photo identifications. (Doc. No. 151-1, Amended Complaint ¶39-49). According to Plaintiff, Andrew "Chicky" White was subjected to "intense pressure" to go along with the officer's version of events and sign a false statement. (Doc. No. 151-1, Amended Complaint ¶26, 30).

8. Plaintiff also claims that Defendants falsely described Hill in a video and conducted an inadequate investigation because the officers did not interview one of the offenders and did not properly process the shotgun allegedly used by Hill. (Doc. No. 151-1, Amended Complaint ¶).

9. Lastly, Plaintiff claims that Defendants lost Hill's car which somehow constitutes exculpatory evidence and failed to produce other exculpatory evidence ("McDonald's video"). Defendants deny wrongdoing and also assert qualified immunity and tort immunity defenses. For the reasons set forth herein, Defendants are entitled to summary judgment on all claims.

## II. SUMMARY JUDGMENT STANDARD

10. Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006). A genuine issue of material fact is one that might affect the outcome of the lawsuit; factual disputes that are irrelevant should not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue of material fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (citation omitted); *see also Wade v. Lerner N.Y., Inc.*, 243 F.3d 319, 321 (7th Cir. 2001). The non-moving party cannot rest on pleadings alone but must identify specific facts showing there is a genuine issue for trial. *Drake v. Minn. Mining and Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998).

## III. ARGUMENT

11. For the reasons set forth in defendants' memorandum in support of motion for summary judgment, this Court should grant summary judgment in favor of defendants.

12. In support of this motion to dismiss, defendants contemporaneously filed their supporting Memorandum of Law and a Statement of Material Facts, with attached exhibits, in compliance with Local Rule 56.1.

WHEREFORE, Defendants, CITY OF HARVEY, GREGORY THOMAS, and JASON BANKS, respectfully request that this Court grant their Motion for Summary Judgment and enter summary judgment in their favor and against Plaintiff and for all other relief this Court deems fair and just.

                Respectfully submitted,

                CITY OF HARVEY, GREGORY THOMAS, and JASON BANKS

By: */s/ ShawnTe Raines*
      ShawnTe Raines (ARDC #6300624)
      One of the Attorneys for Harvey Defendants
      140 S. Dearborn, 6th Floor
      Chicago, IL 60603
      P: 312-782-7606
      sraines@ancelglink.com

ShawnTe Raines (ARDC #6300624)
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
sraines@ancelglink.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 26, 2020**, I electronically filed the foregoing **Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Paul K. Vickrey | vickrey@vvnlaw.com |
| Dylan M. Brown | dbrown@vvnlaw.com |
| Gretchen L. Schmidt | schmidt@vvnlaw.com |
| Patrick F. Solon | solon@vvnlaw.com |
| Allyson L. West | awest@ahalelaw.com |
| Scheagbe M. Grigsby | Scheagbe.grigsby@cookcountyil.gov |
| T. Andrew Horvat | Timothy.horvat@cookcountyil.gov |

/s/ *ShawnTe Raines*
SHAWNTE RAINES/ ARDC # 6300624
One of the attorneys for Harvey Defendants
ANCEL GLINK, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone: (312) 782-7606
Facsimile: (312) 782-0943
E-Mail: sraines@ancelglink.com