IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZRA HILL, | |
| Plaintiff, | |
| v. | Court No.: 17-cv-4699 |
| CITY OF HARVEY, COOK COUNTY, ILLINOIS, GREGORY THOMAS, DEPUTY POLICE CHIEF JASON BANKS, LIAM REARDON, and ED MURILLO, | Honorable Charles P. Kocoras |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS CITY OF HARVEY, THOMAS AND BANKS**

NOW COME Defendants, City of Harvey, Gregory Thomas, and Jason Banks, through their attorneys, Ancel Glink, P.C., and for their reply to Plaintiff's Memorandum in Opposition to Summary Judgment, state as follows:

**I. PLAINTIFF'S RESPONSES TO DEFENDANTS' STATEMENT OF FACT SHOULD BE STRICKEN, IN PART, FOR FAILURE TO COMPLY WITH THE LOCAL RULES**

The Seventh Circuit has consistently "held that a district court has broad discretion to require strict compliance with Local Rule 56.1." *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008). Based upon inherent discretion and the requirement for strict compliance, portions of Plaintiff's responses should be stricken for failure to comply. See *Boyd v. City of Chicago*, 225 F.Supp.3d 708, 714 (N.D. Ill. 2016). Responses and facts that are not set out and appropriately supported in an opponent's Rule 56.1 response should not be considered, and the movant's version of the facts – if compliant with the rule – will be deemed admitted. L.R. 56.1(b)(3)(C); *Shaffer v. American Medical Association,* 662

1

F.3d 439, 442 (7th Cir. 2011). In addition, a general denial is insufficient to rebut a movant's factual allegations; the nonmovant must cite specific evidentiary materials justifying the denial. See *Boyd v. City of Chicago*, 225 F.Supp.3d 708, 714 (N.D.Ill., 2016). Each response, and each asserted fact, must be supported with a specific reference to the record. L.R. 56.1(b)(3)(B)–(C); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

The consequence of plaintiff's failure to comply with Local Rule 56.1 by neglecting to cite the record and misstating the record in the responses is that those responses are disregarded and defendants' factual allegations to which they are directed are deemed admitted. *Boyd v. City of Chicago,* 225 F.Supp.3d 708, 715 (N.D. Ill. 2016). To the extent that Plaintiff's responses to Defendants' statement of undisputed facts fail to comply with the requirements of the local rules, those responses should be stricken.

Plaintiff's response to SOF ¶2, 11, 14, 15, 16, 19, 20, 22, 24, 27, 28, 34, 37, 40, 44, 45, 46, 48, 50, 54, 56-60, 65 fail to cite the record in support of the denials and fail to cite to evidence that contradicts the cited testimony. Plaintiff does not cite contradictory evidence, but rather disregards the witness' actual statements.

In addition, Plaintiff's response to SOF ¶36 does not contradict the testimony provided that McReynolds was not threatened *at the police station*. A review of the deposition testimony referenced by Plaintiff relates to McReynolds showing up to court and does not relate to the statement obtained at the police station. Likewise, Plaintiff objects to ¶49 as irrelevant. However, the facts are relevant as providing a basis for the continued prosecution of plaintiff. Plaintiff also objects to SOF ¶53 as irrelevant. It is rather ironic that Plaintiff repeatedly challenges the veracity of Bond's identification and voluntary statements in opposition to summary judgment but then objects to testimony which supports the veracity as irrelevant. It is relevant for the probable cause

2

determination with respect to the reliability of eye witness statements, especially since witnesses were subsequently questioned about the statements at the grand jury proceedings, plea hearings and criminal trial. For the reasons stated, Plaintiff's responses to the aforementioned paragraphs should be deemed deficient under the standards set forth herein and should be stricken and such facts deemed admitted.

In addition, district courts disregard Local Rule 56.1 statements and responses that do not cite specific portions of the record or that contain irrelevant information, legal arguments, conjecture, or evasive denials. *Chaudhry v. Provident Life & Accident Ins. Co.*, No. 12 C 5838, 2014 U.S. Dist. LEXIS 96401, at *3 (N.D. Ill. July 16, 2014). Plaintiff's responses are replete with improper argument, evasive denials and conjecture and should be disregarded. As such, the responses to SOF ¶7-11, 14-16, 19-20, 23, 24, 32, 34, 38, 39, 44, 45, 48, 53, 54, 57, 59-63 and 67 should be stricken. These responses contain improper arguments and references to "circumstantial evidence" which do not constitute factual statements. Lastly, the plaintiff's responses to SOF¶3-8, 20, 23-25, 29, 31, 32, 34, 39, 40, 41, 46, 48, 50, 53, 56, 57, 59-64, 66 and 67 should be stricken. The responses "answering further" add additional facts which go beyond the scope of the defendants' statements and are non-responsive.

## II. THE UNDISPUTED FACTS SUPPORT ENTRY OF SUMMARY JUDGMENT DESPITE PLAINTIFF'S SMOKE AND MIRRORS ARGUMENTS CONSISTING OF UNREASONABLE INFERENCES AND DISREGARDS SWORN TESTIMONY

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Alexander v. City of S. Bend*, 433 F.3d 550, 554 (7th Cir. 2006). Yet, Plaintiff wants this court to deny summary judgment based upon Plaintiff's argument and inferences which lack factual support in the record.

3

## A. THE UNDISPUTED FACTS SUPPORT A FINDING OF PROBABLE CAUSE WHICH DEFEATS PLAINTIFF'S CONSTITUTIONAL CLAIMS AND SUPPORT QUALIFIED IMMUNITY

Probable cause is not a high bar. *District of Columbia v. Wesby,* 138 S. Ct. 577, 586 (U.S. 2018. In this case, it is undisputed that in September 2014, the record consisted of: (1) the un-recanted statement of a victim and photo identification of Plaintiff (Bond) (SOF ¶6, 18, 20, 30-33), (2) undisputed evidence that Hill's car was used in the crime (SOF ¶4, Plaintiff's SOF ¶24), (3) witness statements attesting to the fact that there were three suspects involved (SOF ¶32, 40, 41[1]), (4) a McDonald's surveillance video that was believed to show the three suspects (SOF ¶23) and (5) unwavering grand jury testimony by one of the victims (Bond)( SOF ¶30-33). Detective Thomas was armed with this information in September 2014 and was present for the grand jury testimony of the two victims. (Plaintiff SOF ¶58). Hence, even if the court finds there are some disputed facts surrounding McReynold's statement and White's statement implicating Plaintiff, the aforementioned facts supporting probable cause are not subject to debate[2].

Moreover, Plaintiff disregards well-established case law that supports the application of qualified immunity in circumstances similar to this case. There is no reason that the defendant officers should have disbelieved Bond, one of the victims of the shooting who was unwavering in his identification of the suspect. Like in *Gramenos*, there was an eyewitness who related facts to the police which, if he told the truth, establish a crime. *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). Clearly, the report of an eyewitness to a crime is sufficient to authorize an arrest. *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). The formulae for probable cause, such as "a probability or substantial chance of criminal activity, not an actual showing of

---

[1] Plaintiff responds with argument to Defendants statement and entirely disregards the actual words of the witness without citing to contradictory evidence.
[2] Co-defendants also raise additional facts supporting probable cause to arrest and detain on other charges.

such activity" or "facts and circumstances known to the officer that warrant a prudent man in believing that an offense has been committed" do not suggest that an officer risks his career and his fortune by believing an apparently sober eyewitness to a crime. *Gramenos* at 439.

There is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial. *Id.* at 439. Just as a single eyewitness's statement without further investigation or a narration of contrary evidence can support a warrant, so a single eyewitness's statement can support an indictment and conviction. *Id. at* 439-440.

There was no reason for defendants to disregard the victim's identification where Bond was not describing a crime from long ago, was not confused or inconsistent in his statement to the police, and subsequently testified consistently before a grand jury. See e.g. *United States v. Decoteau*, 932 F.2d 1205, 1207 (7th Cir. 1991)(eyewitness identification was not unreliable where she was not describing a crime from long ago; she was not confused or inconsistent in her recitation of the events; she gave specific and detailed information; and then met with the chief to repeat the information and to show him the vehicle involved).

The reality of the matter is that courts have applied *Gramenos's* holding to situations where a victim, like Bond, has identified the aggressor to police, thus forming the basis to carry out a lawful arrest. *Tangwall v. Stuckey,* 135 F.3d 510, 519 (7th Cir. 1998). See also See *Grimm v. Churchill*, 932 F.2d 674, 675 (7th Cir. 1991) (finding probable cause when an officer received information from the victim); *Gerald M. v. Conneely*, 858 F.2d 378, 381 (7th 1988)(concluding probable cause existed to detain on basis of ten-year-old child victim's complaint).

Plaintiff relies upon two cases in support of their argument that probable cause could not be premised upon the witness accounts in this case, *Williams v. City of Chicago*, 2020 U.S. Lexis 42875 and *Kuri v. Folina*, 2019 U.S. Lexis 151304. Both of these cases are distinguishable. In

5

*Williams*, the putative victim's account evolved dramatically over the course of the investigation. *Williams* at *20.  A story that so frequently evolved could be rejected by the jury.  *Id.* at *16-17.

However, such is not the case here where the victim's story remained the same from the date of the incident and remained consistent throughout the grand jury proceedings and criminal trial testimony.  Additionally, in *Williams*, the putative victim initially told the police that he could not see who shot him but subsequently said that the plaintiff shot him.  *Williams* at *16.  The victim's story changed again at the jury trial.  *Id.*  To add insult to injury, the victim was also intoxicated at the time of the shooting.  *Id.* at *20.  Other witness statements were discredited for being self-serving (one of the witnesses was actually a prime suspect in the shooting) and for lacking a contemporaneous record.  *Id.* at *17-18.  None of these factors are present in the instant case with respect to Bond's statement, his sworn grand jury and trial testimony.

Likewise, in *Kuri*, the witnesses gave inconsistent statements.  One of the shooting victims provided a statement relating that he saw two people approach and ducked down.  *Kuri v. Folino*, 2019 U.S. Lexis 151304, at *631.  The witness (Russel) cooperatively recounted to the detective a detailed description of the events on the day of the shooting but said nothing about the perpetrators and did not mention plaintiff's name.  *Id.* at *631, 644.  The second witness (Fernandez) did not mention plaintiff's name during the initial interview or and was unable to positively identify plaintiff from the photo line-up.  *Kuri* at *633.  During the second interviews, Russel named the plaintiff specifically but then subsequently recanted his identification at the jury trial.  *Kuri* at *634, 637.  Victim two (Fernandez) allegedly circled the plaintiff's photo in an array but subsequently testified at the criminal trial that the officers told him who to pick.  *Kuri* at *634, 637.

In this case, there is absolutely no evidence, direct or circumstantial, that supports the

conclusion that Bond wavered in his statements and sworn testimony or that he was told what to say or who to identify. Plaintiff's argument that "for his cooperation" Bond was never charged criminally (Dkt. No. 160, p. 8) has no support in the record. Although co-conspirator's Johnson entered into a cooperation agreement, there is no such evidence related to Bond. Plaintiff also attempts to discredit Detective Thomas' identification of the defendants in the McDonald's video but fails to cite to evidence that contradicts Thomas' belief as to whom he saw in the video.

Plaintiff contends that a jury would be free to disregard the report claiming that Bond identified Hill but cites no relevant legal authority for such proposition. (Dkt. No. 160, p. 15) See, e.g. *United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008) (noting that failure to cite relevant legal authority constitutes a waiver of an argument). Plaintiff also argues that a jury can decide that the witnesses never told Thomas what was written in the statements. To the extent that Plaintiff relies upon *Williams* and *Kuri* for such propositions, the reliance is misplaced for the reasons previously stated. It is undisputed that Bond freely and voluntarily made the report and identification without any promises or threats and there is no evidence to the contrary. Bond could not have been any clearer in his identification of Plaintiff when he wrote on the photo "he shot at me." His statements were again confirmed under oath. The undisputed record remains legally and factually sufficient to support a finding of probable cause defeating Plaintiff's §1983 claims. Probable cause existed at the time of Plaintiff's arrest and charging and continued to exist throughout the prosecution based on the record as a whole.

**B.     PLAINTIFF STILL FAILS TO CITE TO EVIDENCE IN THE RECORD TO SUPPORT CLAIMS AGAINST DEFENDANT BANKS AND A MONELL CLAIM**

Plaintiff references Banks' participation in the line ups but fails to acknowledge that Banks' participation went no further. The record clearly demonstrates that Banks did not participate in taking the witness statements, did not testify at the grand jury, did not sign any criminal complaints

7

and did not testify at plaintiff's criminal trial. Moreover, even if he improperly influenced the line-up with McReynolds, such conduct is not actionable. As previously argued, in the specific context of flawed or overly suggestive identification techniques, the right implicated is limited to the right to a fair trial, i.e. the identification must have been used to taint the trial. See *Alexander v. City of South Bend*, 433 F. 3d 550, 555 (7th Cir. 2006). An officer, such as Banks, knowing the same facts as Thomas would have believed probable cause exited and would be shielded by qualified immunity.

In addition, Plaintiff argues that the record supports his Monell claim because Banks was a policy-maker. However, Plaintiff disregards the requirement that the constitutional violation must be caused by the person with final policymaking authority. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007). The actions of Banks as described in the record do not support a finding that a constitutional violation occurred. Flawed identification procedures are not themselves constitutional violations; plaintiffs must show *how* those flawed procedures compromised the constitutional right to a fair trial. *Alexander v. City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006). Plaintiff continues with his conjecture about what could have happened or what a jury "could" find but fails to appreciate that juries are still required to draw reasonable inferences from admissible evidence. Plaintiff has yet to come forward with admissible evidence to support inferences regarding Banks' personal involvement beyond the line-up. Lastly, Plaintiff's contention that the defendants engaged in a "pattern of bias" against Plaintiff is unsupported by fact. The record hardly establishes any such pattern.

WHEREFORE, the Defendants request this action be dismissed and judgment entered in their favor and all other relief deemed just by the Court.

Respectfully submitted,

**DEFENDANTS CITY OF HARVEY,
GREGORY THOMAS AND JASON
BANKS'**

/s/ ShawnTe M. Raines
One of their Attorneys

Emanuel C. Welch
ShawnTe M. Raines
ANCEL GLINK, P.C.
140 South Dearborn Street, 6th Floor
Chicago, Illinois  60603
312-782-7606
312-782-0943 / fax
cwelch@ancelglink.com
sraines@ancelglink.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2020, I electronically filed the foregoing **DEFENDANTS CITY OF HARVEY, GREGORY THOMAS AND JASON BANKS' MEMORANDUM OF LAW** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ ShawnTe M. Raines