IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZRA HILL, | |
| Plaintiff, | |
| v. | Court No.: 17-cv-4699 |
| CITY OF HARVEY, COOK COUNTY, ILLINOIS, GREGORY THOMAS, and DEPUTY POLICE CHIEF JASON BANKS | Honorable Nancy L. Maldonado |
| Defendants. | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the Defendants, CITY OF HARVEY, GREGORY THOMAS, and JASON BANKS, by and through their attorneys, Kathleen M. Kunkle and Jeffrey C. Grossich of ANCEL GLINK, P.C., and at the close of Plaintiff's case in chief, hereby move this Honorable Court for judgment as a matter of law in favor of Defendants, and state as follows:

**I.    INTRODUCTION**

The undisputed facts show that Plaintiff cannot prove any of his claims and Defendants are entitled to judgment as a matter of law. Based on the evidence presented at trial, at the time of Plaintiff's arrest, detention, and prosecution, probable cause existed that Plaintiff had committed the crime of attempted murder. There is no legally sufficient basis for the jury to find that probable cause did not exist.

Plaintiff bases his entire case on Andrew White's April 2019 deposition testimony that he was threatened into giving a statement identifying Plaintiff as a shooter. However, even if Andrew White's statement was fabricated, the other evidence at the Defendant Officers' disposal so

1

overwhelmingly supported probable cause that it rendered White's statement superfluous. There was probable cause to arrest and prosecute Plaintiff even without White's statement.

Additionally, the testimony of Plaintiff and Antonio Johnson that Plaintiff was not involved in the shooting is immaterial. The Defendant Officers did not have this information at the time they made their probable cause determination. Neither Plaintiff nor Antonio Johnson told the Defendant Officers that Plaintiff was uninvolved in the shooting *before* Plaintiff's arrest and prosecution. The issue is not whether Plaintiff actually committed the crime, but whether the Defendant Officers reasonably believed that he did at the relevant time.

The existence of probable cause is fatal to Plaintiff's Fourth Amendment and Illinois state law malicious prosecution claims. Since these claims fail, Plaintiff's claims of conspiracy, vicarious liability, and *Monell* liability also fail. Plaintiff has also failed to produce any evidence to support an award of punitive damages. Therefore, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) states the following:

(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a)

"Judgment as a matter of law is proper only where there is no legally sufficient basis for a reasonably jury to find for the nonmoving party." *Zimmerman v. Chicago Bd. of Trade*, 360 F.3d 612 (7th Cir. 2004). "In considering a Rule 50(a) motion, the court is required to view the evidence in the light most favorable to the nonmoving party, and must draw all reasonable inferences in that party's favor." *Id*. The court does not weigh the evidence or pass on the credibility of witnesses, but "there must be more than a mere scintilla of evidence to support the plaintiffs' case." *Id*. The standard of review on appeal is *de novo*. *Id*.

### III. ARGUMENT

#### A. Defendants are entitled to judgment on Count I (§ 1983 Fourth Amendment Claim) of Plaintiff's Amended Complaint.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons...against unreasonable...seizures. U.S. Const. amend IV. "A person is 'seized' whenever an official 'restrains his freedom of movement' such that he is 'not free to leave.'" *Lewis v. City of Chicago*, 914 F.3d 472, 476 (7th Cir. 2019) (quoting *Brendlin v. California*, 551 U.S. 249, 254-55 (2007)). "The general rule is that Fourth Amendment seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Id*. (quoting *Bailed v. United States*, 568 U.S. 186, 192 (2013)) (internal alterations omitted).

##### 1. There was probable cause that Plaintiff had committed a crime.

Probable cause exists "if the totality of the facts and circumstances known to the officer at the time of arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *United States v. Sands*, 815 F.3d 1057, 1062 (7th Cir. 2015). Probable cause is evaluated "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer* – seeing what he saw, hearing what he heard." *Mahoney v. Kesery*,

3

976 F.2d 1054, 1057 (7th Cir. 1992) (emphasis in original). "The existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently received information." *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). "[P]robable cause demands even less than probability; it requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir. 2000). "[A]lthough it requires something more than a hunch, probable cause does not require a finding that it was more likely than not that the arrestee was engaged in criminal activity – the officer's belief that the arrestee was committing a crime need only be reasonable." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013)

The Seventh Circuit has "consistently held that an identification or report from a single, credible victim or eyewitness can provide the basis for probable cause." *Woods*, 234 F.3d at 996. "When an officer has received his information from some person – normally the putative victim or an eyewitness – who it seems reasonable to believe is telling the truth, he has probable cause." *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). "Probable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth, that matters." *Id*.

In this case, the following undisputed facts introduced at trial show the existence of probable cause that Plaintiff had committed the crime of attempted murder at the time of Plaintiff's arrest, detention, and prosecution:

- Plaintiff's vehicle was at the scene of the shooting;
- The shooters were driving in Plaintiff's vehicle;

4

- The Defendant Officers found two of the shooters (Andrew White and Antonio Johnson) sitting in Plaintiff's vehicle 15-30 minutes after the shooting;

- The Defendant Officers found five guns in Plaintiff's vehicle (three handguns, one rifle, and one shotgun) 15-30 minutes after the shooting;

- The Defendant Officers found three McDonald's cups in Plaintiff's vehicle 15-30 minutes after the shooting;

- The Defendant Officers found a black coat in Plaintiff's vehicle 15-30 minutes after the shooting;

- Antonio Johnson and Andrew White both testified that the black coat did not belong to them;

- The black coat was tested by the Illinois State Police and found to have gunshot residue on it;

- A victim of the shooting, Eric Bond, gave a statement hours after the shooting, stating that Plaintiff was in Plaintiff's vehicle with the other two shooters at the time of the shooting. Assistant State's Attorney Liam Reardon was present when Eric Bond gave this statement;

- Eric Bond also identified Plaintiff as a shooter in a photo lineup hours after the shooting. Eric Bond circled Plaintiff's picture and wrote, "Shot at me," underneath Plaintiff's picture;

- A victim of the shooting, Ahmad Thornton, gave a statement hours after the shooting, stating that there were three individuals in Plaintiff's vehicle at the time of the shooting. Assistant State's Attorney Liam Reardon was present when Ahmad Thornton made this statement. Ahmad Thornton testified consistently with this statement before a grand jury; and

- A victim of the shooting, Alquan McReynolds, gave a statement hours after the shooting, stating that there were three individuals in Plaintiff's vehicle at the time of the shooting. Assistant State's Attorney Liam Reardon was present when Alquan McReynolds made this statement. Alquan McReynolds testified consistently with this statement before a grand jury and at his deposition in this case.

Illinois state appellate courts have found the existence of probable cause based on similar facts to this case. For instance, in *People v. Rodriguez*, the Illinois First District Appellate Court affirmed the existence of probable cause where a witness to a drive-by shooting identified the

criminal defendant's car as the one used in the shooting, another witness identified the criminal defendant as the owner of the car, and another witness provided information that the criminal defendant was the driver of the car at the time of the shooting. *People v. Rodriguez*, 254 Ill.App.3d 921, 923, 924, 926 (1st Dist. 1993). Likewise, in *People v. Bobiek*, the Illinois First District Appellate Court found probable cause existed for defendant's arrest where the defendant's car matched the description of the vehicle used in a drive-by shooting, the defendant was seen driving the same type of car three days after the shooting, and the defendant "had been named by a source as having been involved with the shootings." *People v. Bobiek*, 271 Ill.App.3d 239, 240-241, 242 (1st Dist. 1995).

Plaintiff bases his case on the deposition testimony of Andrew White. It is undisputed that Andrew White was one of the shooters on March 12, 2014. That same day, Andrew White gave a statement to Assistant State's Attorney Liam Reardon identifying Plaintiff as a fellow shooter. During Andrew White's guilty plea on April 24, 2014, White again identified Plaintiff as a shooter. It was not until Andrew White's deposition in this matter on April 12, 2019 that he retracted this statement and alleged that the Defendant Officers threatened him into implicating Plaintiff.

But even if this Court accepts Andrew White's deposition testimony as true, that still would not defeat the existence of probable cause. The Defendant Officers had probable cause without the statement of Andrew White. Andrew White's statement was superfluous. Even if Andrew White's statement was fabricated, probable cause existed based on the other evidence available to the officers at the time.

The trial testimony of the other undisputed shooter, Antonio Johnson, is not relevant to the probable cause analysis. Antonio Johnson testified that Plaintiff was not involved in the shooting. However, the question is not whether Plaintiff actually committed the crime, but whether the

Defendant Officers had a reasonable belief that he did. On the date of the shooting, Antonio Johnson did not tell the Defendant Officers that Plaintiff was uninvolved in the shooting. Antonio Johnson did not speak with the Defendant Officers at all. In fact, Antonio Johnson testified that he would not have spoken with the Defendant Officers even if they had tried to speak with him. Therefore, Antonio Johnson's testimony at trial, nine years after the fact, is not relevant to whether the Defendant Officers had probable cause at the time of Plaintiff's arrest, detention, and prosecution.

Similarly, Plaintiff's testimony at trial that he was not involved in the shooting is immaterial. Plaintiff did not speak with the Defendant Officers before his arrest, detention, and prosecution. The Defendant Officers did not have a statement from Plaintiff at the time they made the probable cause determination. Therefore, Plaintiff's profession of innocence played no part in the probable cause analysis. Additionally, criminal suspects often profess their innocence, so it is doubtful that a statement from Plaintiff that he did not commit the crime would have had much probative value.

Based on the facts listed above, there is no legally sufficient basis for a reasonable jury to find that there was no probable cause. As a result, Defendants are entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim.

### 2. **The Defendants Officers are entitled to qualified immunity.**

Even if Defendant Officers did not have probable cause to arrest Plaintiff, they are entitled to qualified immunity. Qualified immunity adds an extra layer of protection against Plaintiff's false arrest claim. *Abbott*, 705 F.3d at 714. The doctrine of qualified immunity protects public officials performing discretionary functions against suits for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have

known. *Tangwall v. Stuckey*, 135 F.3d 510, 514 (7th Cir. 1998). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "It gives public officials breathing room to make reasonable but mistaken judgments about open legal questions." *Abbott*, 705 F.3d at 713.

Qualified immunity is an affirmative defense, but Plaintiff carries the burden of defeating it once it is raised. *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). "To defeat the qualified immunity defense, a plaintiff must show: (1) that the defendant violated a constitutional right, and (2) that the right was clearly established at the time so that it would have been clear to a reasonable officer that her conduct was unlawful in the situation." *Ewell,* 853 F.3d at 919. "Once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of defeating it either by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully." *Abbott*, 705 F.3d at 723-24.

"Qualified immunity tolerates reasonable mistakes regarding probable cause." *Whitlock v. Brown*, 596 F.3d 406, 413 (7th Cir. 2010). "An officer is entitled to qualified immunity if a reasonable officer could have mistakenly believed that probable cause existed." *Burritt v. Ditlefsen*, 807 F.3d 239, 250 (7th Cir. 2015). "The test of qualified immunity for police officers is whether a reasonable officer could have believed that probable cause existed to arrest the plaintiff in light of clearly established law and the information the arresting officers possessed." *Spiegel*, 920 F. Supp. at 895. "Often termed 'arguable probable cause,' qualified immunity in this context

8

protects officers who reasonably but mistakenly believe that probable cause exists." *Abbott*, 705 F.3d at 714-15 (internal quotations omitted).

It is undisputed that the right to be free from arrest and detention without probable cause was clearly established at the time of Plaintiff's arrest and detention in this case. *Spiegel*, 196 F.3d at 717. The question therefore is whether Defendant Officers acted reasonably in believing that probable cause existed in this scenario. *Kelley v. Myler*, 149 F.3d 641, 648.(7th Cir. 1998).

In the present case, if the Defendant Officers were mistaken as to the existence of probable cause, their mistake was reasonable. The Defendant Officers' conduct was not "plainly incompetent," nor was it "so egregious and unreasonable that...no reasonable officer could have thought he was acting lawfully." *Malley*, 475 U.S. at 341; *Abbot*, 705 F.3d at 723-24. Based on the facts listed above, the Defendant Officers clearly had at least "arguable probable cause." Therefore, qualified immunity applies, and the Defendant Officers are entitled to judgement as a matter of law on Plaintiff's Fourth Amendment claim.

### B. Defendants are entitled to judgment on Count II (§ 1983 Conspiracy claim) of Plaintiff's Amended Complaint.

In order to prove his §1983 conspiracy claim, Plaintiff must also prove an underlying constitutional violation. *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018). As explained above, there was no underlying constitutional violation because probable cause existed that Plaintiff had committed a crime. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's §1983 conspiracy claim.

Additionally, Plaintiff has presented no evidence of an agreement between the Defendant Officers to deprive Plaintiff of his constitutional rights. That is an essential element of a §1983 conspiracy claim. "Typically, the evidence must reflect a 'concerted effort' between the parties." *Murphy v. Smith*, 2014 U.S. Dist. LEXIS 200018, *7 (S.D. Ill. Oct. 9, 2014) (quoting *Whitlock v.*

*Brueggemann*, 682 F.3d 576, 577 (7th Cir. 2012)). "It is not enough for the conspirators to share the same objective; a conspiracy requires there be an agreement, express or implied, to reach a desired result." *Id.* (citing *Cooney v. Cassady*, 735 F.3d 514, 519 (7th Cir. 2013)). Since Plaintiff has failed to present any evidence in support of such an agreement between the Defendant Officers, Defendants are entitled to judgment as a matter of law on Plaintiff's § 1983 conspiracy claim.

### C. Defendants are entitled to judgment on Count III (*Monell* Claim) of Plaintiff's Amended Complaint.

Like the §1983 conspiracy claim, Plaintiff's *Monell* claim is dependent upon an underlying constitutional violation. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). "To begin, a § 1983 plaintiff must always show 'that he was deprived of a federal right.'" *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (quoting *First Midwest Bank v. City of Chicago*, 988 F.3d 978, 987 (7th Cir. 2021)). Here, since Plaintiff has failed to prove an underlying constitutional violation, Plaintiff's *Monell* claim also fails.

Additionally, Plaintiff failed to present any evidence to show that the alleged constitutional violation was caused by: 1) an express policy or custom of Defendant City of Harvey; 2) a widespread practice of Defendant City of Harvey; or 3) a person with final policy making authority. See *Dean*, 18 F.4th at 235. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's *Monell* claim.

### D. Defendants are entitled to judgment on Count VII (State Law Malicious Prosecution) of Plaintiff's Amended Complaint.

Like Plaintiff's Fourth Amendment claim, the existence of probable cause defeats Plaintiff's Illinois state law malicious prosecution claim. The absence of probable cause is an essential element of an Illinois state law malicious prosecution claim. *Szczesniak v. CJC Auto Parts, Inc.*, 2014 IL App (2d) 130636, ¶ 10. For the reasons stated above, at the time of Plaintiff's

10

arrest and prosecution, there was probable cause that Plaintiff had committed a crime. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's malicious prosecution claim.

### E. Defendants are entitled to judgment on Count VI (State Law Civil Conspiracy) of Plaintiff's Amended Complaint.

Under Illinois law, "[c]ivil conspiracy is an intentional tort defined as a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Farwell v. Senior Servs. Assocs.*, 2012 IL App (2d) 110669, ¶ 22. To prove a civil conspiracy, Plaintiff must show: "(1) an agreement to accomplish such a goal and (2) a tortious act committed in furtherance of that agreement." *Reuter v. Mastercard International, Inc.*, 397 Ill. App. 3d 915, 927 (5th Dist. 2010). As with Plaintiff's § 1983 claim, Plaintiff's Illinois civil conspiracy claim fails because: 1) he has presented no evidence of an agreement between the Defendant Officers; and 2) there was no tortious act because probable cause defeats Plaintiff's malicious prosecution claim. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's Illinois state law civil conspiracy claim.

### F. Defendants are entitled to judgment on Plaintiff's claims against Defendant City of Harvey for vicarious liability (Counts IV and V of Plaintiff's Amended Complaint).

` Pursuant to section 2-109 of the Tort Immunity Act, a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. See 745 ILCS 10/2-109. Thus, since the Defendant Officers are not liable, Defendant City of Harvey is also not liable, and Defendants are entitled to judgment on Plaintiff's indemnification and *respondeat superior* claims.

### G. There is no legally sufficient basis for a reasonable jury to award punitive damages.

Under federal law, "[A] jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or

11

when it involves reckless or callous indifference to the federally protected rights of the other." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Under Illinois law, punitive damages "will be awarded only where the defendant's conduct is willful or outrageous due to evil motive or a reckless indifference to the rights of others." *Gambino v. Blvd. Mortg. Corp.*, 398 Ill. App. 3d 21, 68 (1st Dist. 2009). "Because punitive damages are not favored in the law they are only available in cases where the wrongful act complained of is characterized by wantonness, malice, oppression, willfulness, or other circumstances of aggravation." *Id.*

In this case, Plaintiff has failed to present evidence to support punitive damages under either the federal or Illinois state law standard. There has been no evidence presented that the Defendant Officers acted with evil motive or intent, recklessly, callously, wantonly, etc. Therefore, Defendants are entitled to judgment as a matter of law on Plaintiff's claim for punitive damages.

### IV. CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter judgment in favor of Defendants on all of Plaintiff's claims.

Respectfully Submitted,

CITY OF HARVEY
GREGORY THOMAS and
JASON BANKS

By: /s/ Jeffrey C. Grossich_____
One of Their Attorneys

Kathleen M. Kunkle
Jeffrey C. Grossich
ANCEL GLINK, P.C.
140 South Dearborn Street, 6th Floor
Chicago, Illinois 60603
Phone: (312) 782-7606
Fax: (312) 782-0943
kkunkle@ancelglink.com
jgrossich@ancelglink.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 29, 2023, I electronically filed the foregoing **Defendants' Motion for Judgment as a Matter of Law** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ <i>Jeffrey C. Grossich</i>